UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MATTHEW GINSBERG**, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>**USCONNECT, LLC**, a North Carolina Corporation<br><br>    Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Matthew Ginsberg ("Plaintiff" or "Ginsberg") individually and on behalf of other similarly situated individuals, brings this Class Action Complaint and Demand for Jury Trial against USConnect, LLC ("Defendant" or "USConnect") to stop Defendant's unlawful practice of assessing an unauthorized credit card surcharge on products purchased at Defendant's vending machines located in New York and elsewhere throughout the country. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys:

### NATURE OF THE ACTION

1.      Defendant USConnect is a nationwide wireless integrated food service network that provides snacks, meals, and beverages through, among other things, smart vending machines located in various corporate settings.

2. Defendant, like many others in the business of providing food products through vending machines, labels and advertises its products sold to consumers at a specific price.

3. However, Defendant fails to honor the specific prices listed for its products on its vending machines and automatically assesses a credit card surcharge on all of the products purchased from its vending machines using a credit card.

4. Accordingly, Defendant regularly collects unauthorized charges from consumers who use their credit or debit cards to purchase items from its vending machines.

5. Plaintiff brings this action on behalf of himself and other similarly situated consumers in New York and elsewhere throughout the nation who were charged credit card surcharges by Defendant for purchasing a product from one of its vending machines.

**PARTIES**

6. Plaintiff Matthew Ginsberg is a natural person and citizen of the State of New York.

7. Defendant USConnect, LLC is a food services company that provides snacks, meals, and beverages to consumers through smart vending machines located throughout the country, including in New York. It is a North Carolina limited liability company with its principal place of business located in Greensboro, North Carolina.

**VENUE AND JURISDICTION**

8. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") and 28 U.S.C. § 1332(d) because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, there exists minimal diversity between the parties, and there are at least thousands of putative class members.

9. The Court has personal jurisdiction over the Defendant pursuant to New York Civil Practice Law and Rule 302(a) in that Defendant transacts business within the State of New York,

supplies goods within the State of New York, and has committed tortious acts within the State of New York.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**COMMON FACTUAL ALLEGATIONS**

11. Defendant, through its vending machines located throughout New York and elsewhere nationwide, provides snacks, meals, and beverages to consumers.

12. As an ordinary business practice, Defendant discloses the price of each food or beverage product sold in its vending machines using either a physical label or a digital screen located by the payment terminal.

13. However, Defendant fails to inform consumers that using a credit or debit card to purchase such products will result in an additional surcharge beyond the price specifically disclosed by Defendant.

14. Indeed, consumers are only made aware of the credit card surcharge after they have swiped their credit or debit card and the transaction is processed, at which point it is too late to cancel the transaction.

15. Accordingly, Defendant regularly collects credit card surcharges that it did not have any authorization to charge and falsely advertised the price of its food and beverage products.

**FACTS SPECIFIC TO PLAINTIFF**

16. On or about September 19, 2018, Plaintiff Matthew Ginsberg purchased a beverage product from one of Defendant's beverage vending machines located at 555 E. 90th Street, New York, New York.

17. Specifically, relying on the prices represented on Defendant's vending machine, Plaintiff chose to purchase a beverage that was advertised as being sold for $2.00. Plaintiff swiped his credit card on the payment terminal attached to the vending machine to provide payment for his drink purchase, and the selected the drink product, which was promptly provided to him by the machine.

18. However, when Plaintiff later checked his online bank statement, he discovered that he was actually charged $2.35 for the drink product – 35 cents more than the price that was specifically displayed on Defendant's vending machine.

19. Critically, nowhere on the machine, or at any point during the purchase process, did Defendant disclose that credit or debit card users would be charged an additional surcharge or that Plaintiff would be charged $2.35 instead of $2.00.

20. Plaintiff and the other members of the Class were deceived and/or misled by Defendant's representations regarding the purchase price of the beverage and food products which they purchased from Defendant's vending machines and these representations and Defendant's failure to disclose a credit card fee were material factors that influenced Plaintiff's and the other Class members' decisions to purchase such products.

21. Plaintiff and the other members of the Class would not have purchased the products that they bought, or would have chosen a different payment method, had they known that Defendant's representations about the purchase price were false and misleading and that an additional fee would be assessed if they used a credit or debit card.

22. Plaintiff and the other members of the Class did not receive the benefit of the bargain when they purchased food and drink products from Defendant's vending machines that were not sold to them for the price explicitly offered by Defendant.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and a nationwide class (the "Class") and a New York Subclass (the "Subclass"), defined as follows:

> The Class: All persons in the United States who, within the applicable statute of limitations, purchased products from one of Defendant's vending machines using a credit or debit card.

> The New York Subclass: All persons in the United States, who within the applicable statute of limitations, purchased products from one of Defendant's vending machines located in the State of New York using a credit or debit card.

24. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class and Subclass.

25. Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

26. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

27. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class and Subclass are the same, resulting in injury to the Plaintiff and to all of the other members of the Class and Subclass. Plaintiff and the other members of the Class and Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

28. Upon information and belief, there are thousands of members of the Class and Subclass such that joinder of all members is impracticable.

29. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

   a. Whether Defendant listed food and beverage products for sale from its vending machines for a specific price;

   b. Whether Defendant sold food and beverage products for the same price as advertised on its vending machines;

   c. Whether the purchase price for the food and beverage products listed by Defendant was false or misleading;

   d. Whether Defendant's conduct violated the New York Consumer Protection from Deceptive Acts and Practices statute, General Business Law § 349, and other such similar statutes;

   e. Whether Plaintiff and the other members of the Class have suffered ascertainable monetary losses as a result of Defendant's conduct;

   f. Whether Plaintiff and the other members of the Class are entitled to monetary, restitutionary, or other remedies, and, if so, the nature of such remedies; and

   g. Whether Defendant should be enjoined from continuing to engage in such conduct.

## COUNT I
### Violation of the New York Consumer Protection from Deceptive Acts and Practices Statute, General Business Law § 349
**(on behalf of the New York Subclass)**

30. Plaintiff hereby repeats and realleges the allegations contained in Paragraphs 1 through 29 as though fully set forth herein.

31. The New York Consumer Protection from Deceptive Acts and Practices statute, codified at General Business Law § 349 ("GBL § 349"), declares unlawful all deceptive acts and practices in the conduct of any business, including the sale of products, such as Defendant's food and beverage products.

32. Plaintiff and the members of the Subclass constitute "persons" who have been injured by violation of GBL § 349, and therefore are entitled to bring an action to enjoin such unlawful and deceptive practices, and recover damages.

33. Defendant's conduct as alleged herein is consumer-oriented conduct, in that Defendant sells food and beverage products to consumers and members of the public.

34. Defendant's actions in assessing a credit card surcharge fee that is not disclosed to consumers is materially misleading.

35. As a result of Defendant's materially misleading statements regarding the price of food and beverages that Defendant offered for sale, Plaintiff and the members of the Subclass have been injured.

36. Upon information and belief, the aforementioned actions and conduct of the Defendant have been committed willfully and knowingly.

37. Defendant's actions in assessing a credit card surcharge fee that is not disclosed to consumers offends public policy, has caused and continues to cause substantial injury to consumers, and constitutes an unfair and deceptive trade practice.

WHEREFORE, Plaintiff, on behalf of himself and the New York Subclass, prays for the following relief:

1. An order certifying the New York Subclass as defined above;

2. An award of actual or compensatory damages;

3. An award of statutory damages, including damages for Defendant's willful and knowing violation of GBL § 349;

4. Injunctive relief prohibiting Defendant's unfair and deceptive advertising practices;

5. An award of reasonable attorney's fees and costs; and

6. Such further and other relief the Court deems reasonable and just.

## COUNT II
### Breach of Contract
### (on behalf of the Class)

38. Plaintiff hereby repeats and realleges the allegations contained in Paragraphs 1 through 29 as though fully set forth herein.

39. Defendant offered various food and beverage products for sale to Plaintiff and the other members of the Class at a specific price.

40. Plaintiff and the other members of the Class accepted Defendant's offer to purchase the food and beverage products offered for sale by Defendant at the price disclosed, and tendered payment.

41. By Defendant's offer to sell food and beverage products, and Plaintiff's, and other members of the Class, acceptance and decision to buy food and beverage products from Defendant, a contract was formed between the parties.

42. However, Plaintiff did not honor the prices listed for its food and beverage products, and instead charged Plaintiff and the other members of the Class an additional credit card surcharge that Defendant had not disclosed, and that Plaintiff and the other members of the Class did not agree to pay.

43. Accordingly, Plaintiff and the other members of the Class have incurred monetary damages in the amount of the credit card surcharge automatically assessed by Defendant.

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. An award of actual or compensatory damages; and

3. Such further and other relief the Court deems reasonable and just.

### COUNT III
### Unjust Enrichment, In the Alternative
### (on behalf of the Class)

44. Plaintiff hereby repeats and realleges the allegations contained in Paragraphs 1 through 29 as though fully set forth herein.

45. Defendant offered various food and beverage products for sale to Plaintiff and the other members of the Class at a specific price.

46. Plaintiff and the other members of the Class chose to purchase the food and beverage products offered for sale by Defendant at the price disclosed, and tendered payment.

47. However, Plaintiff did not honor the prices listed for its food and beverage products, and instead charged Plaintiff and the other members of the Class an additional credit card surcharge that Defendant had not disclosed, and that Plaintiff and the other members of the Class did not agree to pay.

48. As a result of Defendant's undisclosed credit card surcharges, it has been unjustly enriched at the expense of Plaintiff and the other members of the Class.

49. Allowing Defendant to retain the undisclosed credit card surcharges is against equity and good conscience.

50. Defendant lacks any justification for keeping the undisclosed charges paid by Plaintiff and members of the Class.

51. Accordingly, Plaintiff and the other members of the Class have incurred monetary damages in the amount of the credit card surcharge automatically assessed by Defendant.

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. An award of actual or compensatory damages; and

3. Such further and other relief the Court deems reasonable and just.

## COUNT IV
### Fraudulent Misrepresentation
### (on behalf of the Class)

52. Plaintiff hereby repeats and realleges the allegations contained in Paragraphs 1 through 29 as though fully set forth herein.

53. Defendants were responsible for the maintenance and operation of the vending machines from which Plaintiff and members of the Class made purchases.

54. Plaintiff, and members of the Class, were not given notice of any charge, fee, or payment owed above or in addition to the price stated for the product on Defendant's vending machine.

55. The actual amounts charged to the credit cards and debit cards of Plaintiff and the members of the Class were consistently over the displayed amount of the purchased goods.

56. The amount of money paid on top of the indicated purchase price by Plaintiff and members of the Class was never refunded

57. Plaintiff and members of the Class relied on the posted prices for goods in Defendant's vending machines when making their purchases.

58. Plaintiff and members of the Class expected to pay only the amount of the prices displayed in or on the Defendants' vending machines.

59. Each time Plaintiff or a member of the Class made a purchase from a Defendant's vending machines, they were ultimately charged the incorrect amount, higher than the displayed price.

60. Defendant misrepresented the amount it was charging consumers.

61. Defendant fraudulently omitted the actual amount it was charging consumers.

62. Defendant intended that Plaintiff and members of the Class make purchases at vending machines it owned or serviced.

63. Defendant intended Plaintiff and members of the Class to make purchases by relying on its omission that additional charges would be charged on credit card and debit card purchases.

64. Plaintiff and members of the Class suffered damages each time they made purchases at Defendant's vending machines intending to pay only the amount displayed on the machine.

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;

2. An award of actual or compensatory damages; and

3. Such further and other relief the Court deems reasonable and just.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38 and the Constitution of the United States, Plaintiff demands a trial by jury.

Dated: May 5, 2020

Respectfully submitted,

JAYARAM LAW, INC.

By: /s/ Wendy Heilbut

Wendy Heilbut
142 West 57th Street, 11th Floor
New York, NY 10019
Phone: 646.596.1322
Email: wendy@jayaramlaw.com

Vivek Jayaram (*pro hac vice* forthcoming)
125 S. Clark Street, Suite 1175
Chicago, IL 60603
Phone: 312-212-8676
Email: vivek@jayaramlaw.com

*Attorneys for Plaintiff and the Class*