**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MATTHEW GINSBERG, individually and on behalf of a class of similarly situated individuals, <br><br> Plaintiffs, <br><br> -v- <br><br> USCONNECT, LLC <br><br> Defendants. | X <br> : <br> : <br> :    Case No. 20-cv-03490 (VSB) <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> X |

**MEMORANDUM IN SUPPORT OF USCONNECT, LLC'S**
**RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

JOHN H. SNYDER PLLC
John H. Snyder
555 Fifth Avenue, Suite 1700
New York, NY 10017
john@jhs.nyc
(917) 292-3081


WOMBLE BOND DICKINSON (US) LLP

Philip J. Mohr, N.C. Bar No. 24427
300 N. Greene Street, Suite 1900
Greensboro, NC 27401
Phone: (336) 574-8030
Fax: (336) 574-4613
Philip.mohr@wbd-us.com

*Attorneys for Defendant USConnect, LLC*

1

**TABLE OF CONTENTS**

INTRODUCTION ..............................................................................................................................1

FACTUAL BACKGROUND ..........................................................................................................1

LEGAL STANDARD......................................................................................................................3

I.        Procedural Considerations On Motion Challenging Personal Jurisdiction..........................3

II.       Analytical Framework For The Merits Of The Jurisdictional Question. ............................4

ARGUMENT...................................................................................................................................5

I.        There Is No Basis For General Jurisdiction. .......................................................................5

II.       There Is No Basis For Specific Jurisdiction. ......................................................................6

          A.        Plaintiff's Complaint Fails To Satisfy CPLR § 302(a). ..........................................6

                 1. The Vending Machines Do Not Belong To USConnect........................................8

                 2. USConnect Does Not "Supply Goods" To The Vending Machines.......................9

                 3. USConnect Did Not Commit Any Tort In New York. ..........................................10

          B.        USConnect Does Not Have The Minimum Contacts Required by Due
                 Process. ..................................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

*Ball v. Metallurgie Hoboken–Overpelt, S.A.*,
    902 F.2d 194 (2d Cir.1990)...................................................................................... 4

*Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.*,
    975 F.Supp. 562 (S.D.N.Y.1997).............................................................................. 4

*Best Van Lines, Inc. v. Walker*,
    490 F.3d 239,(2d Cir. 2007)........................................................................... 3, 4, 5, 11

*Bialek v. Racal-Milgo, Inc.*,
    545 F. Supp. 25 (S.D.N.Y. 1982)............................................................................. 10

*Bowman v. Winder*,
    14 CIV. 3428 AT, 2015 WL 1639255 (S.D.N.Y. Mar. 25, 2015) ................................... 12

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
    69 F. Supp. 3d 342 (S.D.N.Y. 2014)........................................................................... 5

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)............................................................................................... 5, 6

*Dennis v. JPMorgan Chase & Co.*,
    343 F. Supp. 3d 122 (S.D.N.Y. 2018).................................................................... 7, 12

*DirecTV Latin Am., LLC v. Park*,
    *610, LLC*, 691 F. Supp. 2d 405 (S.D.N.Y. 2010) ............................................................. 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)..................................................................................................... 2

*Grant & Eisenhofer, P.A. v. Bernstein Liebhard LLP*,
    14-CV-9839 JMF, 2015 WL 5751252 (S.D.N.Y. Sept. 30, 2015) ..................................... 8

*Homeschool Buyers Club, Inc. v. Brave Writer, LLC,*
     19-CV-6046 (VSB), 2020 WL 1166053 (S.D.N.Y. Mar. 11, 2020) .......................... 4, 7, 8

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945)............................................................................................... 2, 3

*Jazini v. Nissan Motor Co., Ltd.*,
    148 F.3d 181 (2d Cir. 1998)....................................................................................... 4

*Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*,
    No. 16-CV-1318, 2018 WL 4681616 (S.D.N.Y. Sept. 11, 2018), *report and
    recommendation adopted sub nom. Channel One Russia Worldwide v. Infomir
    LLC (www.infomirusa.com)*, 2018 WL 4666069 (S.D.N.Y. Sept. 28, 2018)..................... 8

*Jonas v. Estate of Leven*,
    116 F. Supp. 3d 314 (S.D.N.Y. 2015)........................................................................ 3

*Merritt v. Airbus Americas, Inc.*,
    202 F. Supp. 3d 294 (E.D.N.Y. 2016) ...................................................................... 10

*Pictometry Int'l Corp. v. Air Am. Flight Ctr., LLC*,
    394 F. Supp. 3d 320 (W.D.N.Y. 2019) ............................................................................... 6

*Sae Han Sheet Co., Ltd. v. Eastman Chem. Corp.*,
    17 CIV. 2734 (ER), 2017 WL 4769394 (S.D.N.Y. Oct. 19, 2017) ............................. 4, 5, 7

*Seldon v. Magedson*,
    11 CIV. 6218 PAC MHD, 2012 WL 4475274 (S.D.N.Y. July 10, 2012), *report
    and recommendation adopted*, 11 CIV. 6218 PAC MHD, 2012 WL 4475020
    (S.D.N.Y. Sept. 28, 2012) ................................................................................................ 8

*Walden v. Fiore*,
    571 U.S. 277 (2014) ....................................................................................................... 12

## Other Authorities

Fed. R. Civ. P. 12(b)(2) .................................................................................................... 1, 3, 4

Local Rule 7.1 ............................................................................................................................ 1

## Rules

New York Civil Practice Law and Rules §301 ....................................................................... 4, 5, 6

New York Civil Practice Law and Rules §302 ................................................................... passim

COMES NOW Defendant USConnect, LLC ("USConnect"), pursuant to Federal Rule of Civil Procedure 12(b)(2) and Local Rule 7.1, and hereby files this memorandum in support of its Motion to Dismiss for Lack of Personal Jurisdiction.

## INTRODUCTION

In 2018 Plaintiff Matthew Ginsberg purchased a beverage from a vending machine located at 555 East 90th Street in Manhattan. Mr. Ginsberg thereafter sued North Carolina-based USConnect, on behalf of himself and others similarly situated, claiming USConnect's vending machine charged his credit card $2.35, instead of the advertised price of $2.00. However, USConnect does not own any vending machines in New York, including the one at issue in this case. Moreover, Plaintiff's other factual allegations about USConnect that serve as the basis for the Court to exercise personal jurisdiction are incorrect. In short, Plaintiff has failed to carry his *prima facie* burden of establishing personal jurisdiction. As such, USConnect respectfully requests this Court dismiss Plaintiff's complaint for lack of personal jurisdiction.

## FACTUAL BACKGROUND

In September 2018, Plaintiff used his credit card to purchase a beverage from a vending machine located at 555 East 90th Street in Manhattan. (Dkt. 1, ¶16). Plaintiff alleges that although the machine advertised the beverage "as being sold for $2.00" (*Id.*, ¶17), his credit card was actually charged $2.35 after he swiped the card to purchase his drink. (*Id.*, ¶18). "[N]owhere on the machine" was it "disclose[d] that credit or debit card users would be charged an additional surcharge…." (*Id.*, ¶19). Had he known there would be an "additional fee" when using his credit card, Plaintiff alleges that he either would have declined to make the purchase or would have used a different payment method. (*Id.*, ¶21).

Plaintiff thereafter filed a multi-count putative class action complaint on behalf of himself and others against USConnect, alleging USConnect owns vending machines that excessively and

1

fraudulently charge him and others for the USConnect product the machines dispensed. (*Id.*, ¶¶11-15). It is this activity which Plaintiff contends "*gave rise to the episode-in-suit.*" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (emphasis in original (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). In actuality, USConnect does not own any vending machines in New York, does not supply the product sold in the vending machines and does not set the prices Plaintiff or others were charged; in short, the factual bases upon which Plaintiff claims jurisdiction are inaccurate.

As evidenced by the declaration of USConnect's president and CEO, Jeff Whitacre, USConnect does not own any vending machines in the State of New York, including the machine Plaintiff used. (Exhibit A, ¶5).[1] Moreover, USConnect does not own, sell, take possession of, or set the prices for any items sold in the machine Plaintiff used or in any vending machine located in the State of New York. (*Id*., ¶7). USConnect does not supply or stock any of the items sold in any vending machine in the State of New York and does not set or display the prices of the items sold from any vending machine located in the State of New York. (*Id*., ¶¶7-8).

Moreover, USConnect does not process any credit or debit card transactions (like the one Plaintiff performed) relating to any vending machine purchases in New York. (*Id*., ¶12). USConnect does not manufacture, service, support or own the exterior hardware (known as the "telemetry hardware") that sits on the vending machine through which a purchaser (like Plaintiff) swipes his credit card in order to purchase a drink, but that hardware is owned by someone else. (*Id.*, ¶10). USConnect does not own or operate the software inside the telemetry hardware that enables the credit card transaction to occur. (*Id*., ¶11).

---

[1] Exhibit A is a true and accurate copy of the Declaration of Jeff Whitacre.

USConnect's involvement in Plaintiff's transaction is as the receiver of electronic funds from the entity that actually processes the credit card payment. (*Id*., ¶¶13-14). It is the payment processor who coordinates and communicates with the various banks involved once someone like Plaintiff swipes his credit card to initiate a transaction. (*Id*., ¶12). Once all of the various communications have occurred, the transaction has been authorized, the product has been dispensed, fees have been deducted by the issuing bank (e.g., Visa, MasterCard, etc), and fees have been deducted by the payment processor, the payment processor then delivers those remaining funds (net of various fees) to a central entity (known as the "merchant of record") that collects the funds on behalf of the machine's owner. (*Id*., ¶13-14). As the merchant of record, USConnect receives those electronic funds from the payment processor into a bank account, which is not located in the State of New York. (*Id*., ¶13). After deducting any fees the owner-operator owes USConnect, USConnect then turns those electronic funds over to the owner-operator of the vending machine. (*Id.,* ¶14). Based upon this reality, USConnect respectfully contends that this Court cannot exercise personal jurisdiction over it within the traditional, constitutionally-required "notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 317 .

## LEGAL STANDARD

**I.   Procedural Considerations On Motion Challenging Personal Jurisdiction.**

A defendant challenges a Court's exercise of personal jurisdiction by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). Once challenged, the plaintiff has the burden of establishing that the Court has personal jurisdiction. *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015). At the pleading stage, the plaintiff must make a *prima facie* showing of jurisdiction. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007). Pleadings that assert only "conclusory, non-fact-specific jurisdictional allegations" or state "a

legal conclusion couched as a factual allegation" do not satisfy the plaintiff's *prima facie* burden. *See Jazini v. Nissan Motor Co., Ltd.,* 148 F.3d 181, 185 (2d Cir. 1998) (quotation omitted). Instead, to meet its burden, Plaintiff must make factual allegations which, if taken as true, establish a *prima facie* showing of jurisdiction. *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.1990). A *prima facie* showing of jurisdiction "does not mean that plaintiff must show only some evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction." *Bellepointe, Inc. v. Kohl's Dep't Stores, Inc.,* 975 F.Supp. 562, 564–65 (S.D.N.Y.1997). However, a plaintiff's unverified allegations are taken as true only to the extent the allegations have not been controverted by affidavits submitted by the defendant. *Homeschool Buyers Club, Inc. v. Brave Writer, LLC*, 19-CV-6046 (VSB), 2020 WL 1166053, at *3 (S.D.N.Y. Mar. 11, 2020). At the Rule 12(b)(2) stage, parties may submit affidavits and other materials in opposition to the exercise of personal jurisdiction, and "[c]ourts may rely on materials outside the pleadings in considering a motion to dismiss for lack of personal jurisdiction." *Id*.

**II.     Analytical Framework For The Merits Of The Jurisdictional Question.**

To determine whether it has personal jurisdiction over USConnect, the Court first determines whether New York's long-arm statute permits the exercise of jurisdiction. *Best Van Lines*, 490 F.3d at 242. "In New York, jurisdiction may be established over a defendant by general jurisdiction under New York Civil Practice Law and Rules ("CPLR") §301, or specific jurisdiction under §302." *Sae Han Sheet Co., Ltd. v. Eastman Chem. Corp.*, 17 CIV. 2734 (ER), 2017 WL 4769394, at *3 (S.D.N.Y. Oct. 19, 2017). If jurisdiction exists under New York's long-arm statute, the Court must then determine whether asserting jurisdiction comports with the Due Process requirements of the United States Constitution. *Id*. However, "[i]f jurisdiction is

statutorily impermissible, of course, [the Court] need not reach the question of its constitutionality." *Best Van Lines,* 490 F.3d at 244. ₂

In light of Mr. Whitacre's declaration, USConnect respectfully contends Plaintiff has failed to produce facts sufficient for the Court to exercise either general or specific personal jurisdiction over it.

## ARGUMENT

**I.     There Is No Basis For General Jurisdiction.**

CPLR §301 confers general jurisdiction where a company "has engaged in such a continuous and systematic course of doing business in New York that a finding of its presence in New York is warranted."  *Sae Han Sheet Co., Ltd.,* 2017 WL 4769394, at *3 (citations omitted). However, to comply with the constitutional Due Process requirements for purposes of general jurisdiction, a foreign company's contacts must be so "continuous and systematic as to render it essentially at home in the forum…." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).  For Due Process analysis, a corporation is "essentially at home" in the place of its incorporation and the state of its principal place of business. *Id.*, at 137.₃

---

₂ In some states, the long-arm statute has been interpreted to extend jurisdiction "to the full extent allowed by the federal Constitution," and so the two-part test merges into a single test of constitutionality.  *Best Van Lines,* 490 F.3d at 244.  "The reach of New York's long-arm statute, by contrast, does not coincide with the limits of the Due Process Clause. Analysis under it therefore may involve two separate inquiries, one statutory and one constitutional." *Id.*

₃ The application of CPLR § 301 is uncertain in light of *Daimler*'s more restrictive, "at home in the forum" requirement.  See*, e.g.*, *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 350 n.2 (S.D.N.Y. 2014) ("[T]he scope of CPLR 301 is presently uncertain in light of *Daimler*," but it is "unnecessary to reach this question of state law in light of the Court's conclusion that general jurisdiction over HMC would not comport with due process.").

In the instant case, USConnect is not "essentially at home" in the State of New York. USConnect is a North Carolina limited liability company. (Ex. A, ¶3).4 Its principal place of business is North Carolina. *Id.* As such, the Court cannot exercise general jurisdiction over USConnect within the appropriate Due Process requirements based upon *Daimler*.

Plaintiff's complaint makes no allegations to the contrary. In his complaint, Plaintiff admits USConnect is a North Carolina limited liability company. (Dkt. 1, ¶7). Plaintiff also concedes USConnect's principal place of business is in North Carolina. *Id.* Moreover, Plaintiff alleges no facts about USConnect that would satisfy *Daimler*'s "at-home" criteria. Finally, Plaintiff does not identify CPLR § 301 as a basis for this Court to assert personal jurisdiction over USConnect.5 Based upon the foregoing, USConnect respectfully contends that this Court cannot exercise personal jurisdiction over it.

**II.    There Is No Basis For Specific Jurisdiction.**

    **A.    Plaintiff's Complaint Fails To Satisfy CPLR § 302(a).**

Pursuant to CPLR § 302(a), Plaintiff asks the Court to exercise specific jurisdiction over USConnect based upon his allegations that: (1) USConnect "transacts business within the State of New York;" (2) USConnect "supplies goods within the State"; and (3) USConnect "has committed tortious acts within the State of New York." (Dkt. 1, ¶9). In order to carry his burden of establishing personal jurisdiction over USConnect, Plaintiff must allege facts that show his claims "arise out of" these alleged contacts. *See* N.Y. C.P.L.R. §302 (conferring jurisdiction

---

<sup>4</sup> Courts in the Second Circuit apply the same general jurisdiction analysis to both corporations and limited liability companies. *See Pictometry Int'l Corp. v. Air Am. Flight Ctr., LLC*, 394 F. Supp. 3d 320, 329, fn. 3 (W.D.N.Y. 2019) (collecting cases).

<sup>5</sup> Plaintiff alleges personal jurisdiction over USConnect solely on the basis of CPLR § 302(a). (Dkt. 1, ¶9).

"[a]s to a cause of action arising from any of the acts enumerated in this section…."); *see also Dennis v. JPMorgan Chase & Co.*, 343 F. Supp. 3d 122, 203 (S.D.N.Y. 2018) (claims must "arise out of or relate to" purposefully directed activities in the forum).  A claim "arises from" certain contacts when "there is some articulable nexus" between the defendant's contacts and "the cause of action sued upon."  *Homeschool Buyers Club,* 2020 WL 1166053, at *4.  In other words, the "exercise of specific jurisdiction depends on in-state activity that '*gave rise to the episode-in-suit.*'" *Sae Han Sheet Co., Ltd.,* 2017 WL 4769394, at *8 (emphasis in original) (quotation omitted).

In the instant case, the "episode-in-suit" involves Plaintiff being overcharged for a beverage purchased using a credit card from a New York vending machine.  Plaintiff makes the following allegations about USConnect's in-state activities that ultimately gave rise to this particular episode: USConnect owns a number of vending machines in New York and throughout the country (Dkt. 1, ¶11); through its vending machines, USConnect sells snacks, meals and beverages to consumers like Plaintiff (*Id.*); although USConnect displays one price in its vending machines, USConnect actually charged Plaintiff and other consumers a different and higher price when a credit or debit card is used (Dkt. 1, ¶¶12-13); and USConnect failed to inform Plaintiff and other consumers that they would be charged a higher price when using a credit or debit card (*Id.,* ¶13). Based upon these activities by USConnect within the State of New York, Plaintiff contends this Court can exercise specific jurisdiction over USConnect pursuant to CPLR §302(a). (*Id*., ¶9).  However, Mr. Whitacre's declaration contradicts each of Plaintiff's foregoing factual allegations about USConnect's in-state activities.  As a result, there is no factual basis for the Court to exercise specific jurisdiction over USConnect based upon the "episode-in-suit" in this case.

### 1. The Vending Machines Do Not Belong To USConnect

Plaintiff alleges specific jurisdiction based upon suffering an injury that arose out of his credit-card purchase of a beverage from a USConnect-owned vending machine. (Dkt. 1, ¶16). According to Plaintiff, USConnect "transacts business" in the State of New York by selling snacks, meals and beverages from its vending machines located in New York. (Dkt. 1, ¶11). Under CPLR §302(a)(1), a defendant who "transacts business" within the State of New York is subject to personal jurisdiction if the plaintiff's claims arise out of those business transactions. CPLR §302(a)(1). "The overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails itself of the privilege of conducting activities within New York." *Grant & Eisenhofer, P.A. v. Bernstein Liebhard LLP*, 14-CV-9839 JMF, 2015 WL 5751252, at *3 (S.D.N.Y. Sept. 30, 2015) (quotation omitted). The activities must be "volitional," rather than "random, fortuitous, or attenuated," or based on "the unilateral activity of another party or third person." *Homeschool Buyers Club,* 2020 WL 1166053, at *4. "The ultimate jurisdictional determination is based on the totality of circumstances." *Seldon v. Magedson*, 11 CIV. 6218 PAC MHD, 2012 WL 4475274, at *12 (S.D.N.Y. July 10, 2012), *report and recommendation adopted*, 11 CIV. 6218 PAC MHD, 2012 WL 4475020 (S.D.N.Y. Sept. 28, 2012). However, a party's contacts with the forum must be assessed individually—a plaintiff "cannot rely on [his] allegations as to the conduct of [others]." *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318, 2018 WL 4681616, at *13 (S.D.N.Y. Sept. 11, 2018), *report and recommendation adopted sub nom. Channel One Russia Worldwide v. Infomir LLC (www.infomirusa.com)*, 2018 WL 4666069 (S.D.N.Y. Sept. 28, 2018). Put another way, a plaintiff is not permitted to "hail [the defendant] into this Court for the sins of [another]." *Id.* at 14.

As confirmed by Mr. Whitacre's declaration, USConnect does not own any vending machines in the State of New York, including the vending machine on East 90th Street at issue in this case. (Ex. A, ¶5). Instead, the vending machines are owned by the owner-operators. *Id*. Nor does USConnect own the vending machines' hardware or software. (*Id*., ¶¶10-11). Instead, the hardware and software are owned by other companies. *Id*. Moreover, the products in the vending machine—including the beverage Plaintiff purchased—do not belong to USConnect. (*Id*., ¶7). Instead, the owner-operator of the vending machine owns the products in the machine, and the owner-operator sets and displays the prices for the products in the vending machine. (*Id*., ¶¶7-8). As such, Plaintiff cannot allege facts establishing specific jurisdiction over USConnect under the "transacts business" provision of CPLR § 302(a)(1).

### 2.   USConnect Does Not "Supply Goods" To The Vending Machines.

Plaintiff also contends incorrectly that this Court can exercise specific jurisdiction over USConnect pursuant to CPLR § 302(a)(1), asserting that USConnect "supplies goods to the State of New York," (Dkt. 1, ¶9). Plaintiff identifies no "goods" that USConnect purportedly supplied into the State of New York other than snacks, meals and beverages sold through the vending machine. (Dkt. 1, ¶¶7,11). Plaintiff alleges his injury arose out of his purchase of one of these beverages.[6] Although CPLR § 302(a)(1) provides for the possibility of specific jurisdiction over one who "contracts anywhere to supply goods…in the state [of New York]," Plaintiff's bare

---

[6] USConnect does not concede that, even if it had contracted to supply the owner-operator with the products sold through the vending machine, Plaintiff's injury "arose out of" such contract. As such, USConnect reserves its right to dispute that Plaintiff's injury "arose out of" any purported contract for USConnect to supply products to the owner-operator (which contract is denied).

assertion that USConnect supplied such products (including the beverage he purchased) is contradicted by Mr. Whitacre's declaration.

As Mr. Whitacre explains, USConnect does not supply the owner-operator of any vending machine located in New York or elsewhere with the snacks, beverages or meals that the owner-operator's vending machine sells to consumers (like Plaintiff). (Ex. A, ¶7). Moreover, USConnect does not stock any owner-operator's vending machine with product and does not own, sell, or ever take title to any of the product that is sold through an owner-operator's vending machine. *Id*. As a result, Plaintiff fails to allege facts that support specific jurisdiction over USConnect pursuant to CPLR §302(a)(1). *See Merritt v. Airbus Americas, Inc.*, 202 F. Supp. 3d 294, 300 (E.D.N.Y. 2016) ("Plaintiff has not made out a *prima facie* case of jurisdiction" under a particular subsection of § 302(a) where he fails to allege or establish an element of that subsection).

### 3. USConnect Did Not Commit Any Tort In New York.

Finally, Plaintiff claims the exercise of specific jurisdiction over USConnect is proper because USConnect has "committed tortious acts within the State of New York." (Dkt., ¶9). Plaintiff alleges USConnect made "materially misleading statements" about the true price to be charged for products on its vending machines. (Dkt. 1, ¶¶30-37, 53-64). Given the applicable case law and facts (as evidenced by Mr. Whitacre's declaration), Plaintiff's claim for specific jurisdiction under CPLR §302(a)(2)'s "tortious act" provision must also fail.

Well-established precedent has "consistently interpreted § 302(a)(2) jurisdiction narrowly and has held that to qualify for jurisdiction under this subsection, a defendant's act or omission must have occurred within the State." *DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F. Supp. 2d 405, 418 (S.D.N.Y. 2010); *Bialek v. Racal-Milgo, Inc.*, 545 F. Supp. 25, 35 (S.D.N.Y. 1982)

("In fraud cases, then, it is not enough under this section that the plaintiff learned of or acted upon the alleged misrepresentations while in New York; the defendant must have been present in New York when making the misrepresentation."). However, as explained by Mr. Whitacre, USConnect plays no role in deciding or displaying the price of goods sold in the owner-operator's vending machines. (Ex. A, ¶¶7-8). In other words, USConnect made no "materially misleading statements" – or any statement at all – regarding the price of any product in the vending machine. Instead, the prices are determined and displayed by the vending machine owner-operators. (*Id.*, ¶8). USConnect's role is limited to receiving electronic funds after the payment processor and the issuing banks have deducted their fees. (*Id.*, ¶13). Plaintiff has alleged no "material misstatements" by USConnect in its receipt and disbursement of such funds. Moreover, USConnect made no statements about the transfers *in the State of New York* because USConnect and the bank accounts that receive said funds are not located in New York. As such, Plaintiff has failed to carry its burden of proving specific jurisdiction under CPLR 302(a)(2).

### B. USConnect Does Not Have The Minimum Contacts Required by Due Process.

Like CPLR §302(a)(1), the "crucial question" asked by the Due Process analysis is "whether the defendant has purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Best Van Lines*, 490 F.3d at 242 (quotations omitted). A court deciding whether it has jurisdiction over an out-of-state defendant under the Due Process Clause must evaluate the quality and nature of the defendant's contacts with the forum state under a totality of the circumstances test based upon the episode at issue in the complaint. *Id.* (quotations omitted).

11

For the reasons already articulated, USConnect's contacts with New York are insufficient to meet the "purposeful availment" requirement of Due Process. It is worth emphasizing that the United States Supreme Court has recently cautioned about the importance of distinguishing between the defendant's own, direct contacts with the forum and indirect contacts via the plaintiff or a third party. "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction. Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on … contacts he makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (citations omitted). The "suit-related conduct must create a substantial connection with the forum State," and this "relationship must arise out of contacts that the defendant *himself* creates with the forum state." *Id.* at 284 (quotations omitted) (emphasis in original). This is the case for contract or tort claims. *Id.* at 286. "[T]he plaintiff's relationship with the forum state, the defendant's random, fortuitous, or attenuated contacts in the forum, or the mere foreseeability that the defendant's out-of-state actions might have an impact in the forum will not satisfy due process." *Lopez v. Shopify, Inc.*, 2017 WL 2229868, at *4.

As already detailed, USConnect's relationship with New York is at best indirect through the owner-operator. (Ex. A, ¶¶6-8). USConnect has no principal place of business or office location of its own in New York. (*Id.*, ¶¶3-4). USConnect does not own any vending machines in New York and does not install any hardware or software on any vending machines in New York. (*Id.*, ¶5-7, 10-11). USConnect does not supply, own or stock the goods sold in the machines. (*Id.*, ¶7). USConnect's "contacts do not show an intention by [it], as opposed to Plaintiff or others, to specifically target the forum state." *Bowman v. Winder*, 14 CIV. 3428 AT, 2015 WL 1639255, at *4 (S.D.N.Y. Mar. 25, 2015).

As already indicated above, Due Process also requires that all of Plaintiff's claims "arise out of or relate to" activities within the state.  *Dennis*, 343 F. Supp. 3d at 203.  For the reasons already explained, Plaintiff has not met his burden of showing his claims have met this requirement.

## CONCLUSION

WHEREFORE, for the above-listed reasons, Defendant USConnect, LLC respectfully requests the Court grant its Motion to Dismiss For Lack of Personal Jurisdiction.

Dated:   New York, New York
         August 10, 2020

**JOHN H. SNYDER, PLLC**

/s/ John H. Snyder
John H. Snyder
JOHN H. SNYDER PLLC
555 Fifth Avenue, Suite 1700
New York, NY 10017
Phone:  (917) 292-3081
Email:  john@jhs.nyc

**WOMBLE BOND DICKINSON (US) LLP**

Philip J. Mohr, N.C. Bar No. 24427
300 N. Greene Street, Suite 1900
Greensboro, NC 27401
Phone: (336) 574-8030
Fax: (336) 574-4613
Philip.mohr@wbd-us.com

*Attorneys for Defendant USConnect, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Memorandum In Support Of USConnect, LLC's Motion To Dismiss For Lack Of Personal Jurisdiction** was served on counsel of record for Plaintiff on August 10, 2020, via the Court's CM/ECF system:

Jayaram Law, Inc.
Wendy Heilbut
142 W. 57th Street, 11th Floor
New York, New York  10019
Phone: 646.596.1322
wendy@jayaramlaw.com

**JOHN H. SNYDER, PLLC**

By:    /s/ John H. Snyder